HAGEMAN and another, Respondents, vs. ULE and others, Appellants.

*December 9, 1925—January 12, 1926.*

*Sales: Goods not of specified grade: Rejection by buyer.*

Where, under the undisputed evidence, gravel delivered by the owners of a pit was not of the specified grade, the buyer was entitled to reject it and recover damages because of the non-delivery of the quantities and grades specified in the contract of sale, without giving the seller further opportunity to re-grade the gravel or make substituted delivery.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge. *Reversed, with directions.*

Contract. The plaintiffs were the owners of a sand and gravel pit. The defendants were contractors engaged in the business of building concrete highways. On May 25, 1922, the plaintiffs agreed to deliver to the defendants for the construction of a road in the village of Manawa 1,000

cubic yards of gravel, to commence delivery on or about the 15th day of June, and to haul the same in such quantities as would conform with the progress of the construction of said road without interruption. The gravel delivered was subject to inspection by the representatives of the highway commission. After the plaintiffs had delivered an amount of gravel stipulated to be 170 cubic yards, the defendants refused to accept further deliveries on the ground that the gravel did not conform to specifications in that it contained sand. There were other controversies between the parties to this action. This action was begun and the whole matter was referred to a referee. The referee made and filed findings. There was a hearing upon motions before the court. The referee found that the plaintiffs were entitled to $255 for gravel delivered, but disallowed the claim of the defendants upon their counterclaim for damages by reason of the plaintiffs' failure to deliver the remaining 830 cubic yards of gravel.

Upon this appeal no other questions are raised than those relating to the sale and delivery of the gravel,—that is, the right of the plaintiffs to recover for the amount delivered, the right of the defendants to damages against the plaintiffs on account of their failure to deliver. Upon oral argument before this court the question was further limited by stipulation to the right of the defendants to recover damages on account of the failure of the plaintiffs to deliver the 830 cubic yards of gravel. The defendants appeal from the judgment entered pursuant to the direction of the court denying them damages.

For the appellants there were briefs by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher.*

*John C. Hart* of Waupaca, for the respondents.

ROSENBERRY, J. The questions presented here lie within a very narrow compass. The facts are practically undisputed. Plaintiffs claim that they were ordered by defend-

ants to stop hauling gravel. Defendants admit that they refused to accept the gravel because it contained too much sand. There was evidence tending to establish plaintiffs' contention that by putting on a larger crew and working night and day they could have furnished gravel in sufficient quantities and as required under the contract. The defendants' reason for refusing to accept further deliveries of gravel was that it contained too much sand and that plaintiffs could not furnish it fast enough. The referee found that the whole evidence indicates that the gravel, with one unimportant exception, complied with the specifications; that the defendants' claim that plaintiffs were not equipped to furnish gravel in sufficient quantities as needed is not supported by the evidence; that defendants should at least have given plaintiffs opportunity to show what they could do. The court sustained the conclusion of the referee that the defendants were not entitled to damages for failure to deliver the gravel on the ground that there was evidence sufficient, if uncontradicted, to support the referee's finding. In reaching this conclusion the referee overlooked an important and vital element in the transaction. The evidence is undisputed that the gravel tendered by the plaintiffs in fulfilment of their contract contained from five to twenty per cent. sand; that under the specifications for the construction of the highway the gravel was required to be free from sand to the knowledge of both parties. After the gravel tendered in fulfilment of the contract had been rejected by the inspector representing the highway commission, it was re-screened. It did not then comply with the specifications and was again rejected. There was nothing in the contract or in the course of dealing between the parties or in the law that required the defendants to suspend operations and permit the plaintiffs further opportunity to deliver gravel of the grade specified. No cases are cited which deny the right of the defendants to recover damages for the failure of the plaintiffs to deliver the goods, under

the circumstances of this case. Where the goods tendered in performance of the contract are not of the grade or quality specified in the contract the buyer may reject the same, and he is not required to permit the seller to regrade or make substituted delivery. Contracts for goods of a specified quality to be delivered at a time certain do not contemplate deliveries by the trial-and-error method. The contract by its terms contemplated that acceptable gravel was to be delivered to be used in the course of this construction work as and when needed. The plaintiffs apparently made a good-faith attempt to comply with their contract. Either because of defective operation or defective machinery they were unable to do so. The burden of their default, however, must rest upon them and not upon the defendants, who were prepared and ready to receive gravel of the contract grade had it been tendered.

*By the Court.*—That part of the judgment appealed from is reversed, and the cause is remanded with directions to allow the defendants to recover upon their counterclaim for damages by reason of the failure of the plaintiffs to deliver 830 cubic yards of gravel.